## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BRIAN JONES, | ) | |
| | ) | |
| Plaintiff, | ) | Case No._____ |
| | ) | |
| v. | ) | |
| | ) | |
| THE EXONE COMPANY, JOHN F. | ) | **COMPLAINT FOR VIOLATIONS OF** |
| HARTNER, S. KENT ROCKWELL, PAUL A. | ) | **THE FEDERAL SECURITIES LAWS** |
| CAMUTI, JOHN IRVIN, GREGORY F. | ) | |
| PASHKE, WILLIAM F. STROME, ROGER | ) | |
| W. THILTGEN, and BONNIE K. WACHTEL, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Plaintiff Brian Jones ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

### NATURE OF THE ACTION

1.      Plaintiff brings this action against The ExOne Company ("ExOne" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. § 240.14a-9.  By the action, Plaintiff seeks to enjoin the vote on a proposed transaction pursuant to which Desktop Metal, Inc. ("Desktop Metal") will acquire the Company through Desktop Metal's  wholly-owned subsidiaries Texas Merger Sub I, Inc. ("Merger Sub I")  and Texas Merger Sub II, LLC (Merger Sub II) ( (the "Proposed Transaction").[1]

---

[1] Nonparty Desktop Metal is a Delaware corporation with its principal executive offices located at 63 3rd Avenue, Burlington, Massachusetts 01803.  Desktop Metal common stock trades on NYSE under the ticker symbol "DM."  Nonparty Texas Merger Sub I, Inc. is a Delaware corporation and is a wholly owned subsidiary of Desktop Metal, Inc.  Nonparty Texas Merger Sub II, LLC is a Delaware limited liability company and is a wholly owned subsidiary of Desktop Metal, Inc.

2.      On August 12, 2021, ExOne and Desktop Metal jointly announced their entry into an Agreement and Plan of Merger dated the preceding day (the "Merger Agreement").  That agreement provides that Company stockholders will receive (i) $8.50 in cash per ExOne Share and (ii) a number of shares of Class A common stock of DM, $0.0001 par value per share (a "DM Share") equal to an Exchange Ratio subject to adjustment to ensure that (a) the cash consideration in the Mergers does not exceed 45% of the total consideration in the Mergers and (b) the number of DM Shares to be issued in the Mergers does not exceed 19.9% of the issued and outstanding DM Shares (the "Merger Consideration").[2]

3.      On October 8, 2021, ExOne filed a Definitive Proxy Statement on Schedule 14A (the "Proxy Statement") with the SEC.  The Proxy Statement, which recommends that ExOne stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision.  Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4.      It is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights.

5.      For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the claims asserted herein for violations of Sections

---

[2] The approximate value of the Proposed Transaction is $575 million.

14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section

27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7.      The Court has jurisdiction over defendants because each defendant is either a

corporation that conducts business in and maintains operations in this District, or is an individual who

has sufficient minimum contacts with this District so as to render the exercise of jurisdiction by this

Court permissible under traditional notions of fair play and substantial justice.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are

found or are inhabitants or transact business in this District.

### THE PARTIES

9.      Plaintiff is, and has been at all times relevant hereto, a stockholder of ExOne.

10.      Defendant ExOne is a Delaware corporation with its principal executive offices

located at 127 Industry Boulevard, North Huntingdon, Pennsylvania 15642.   The Company's

common stock trades on NASDAQ under the ticker symbol "XONE."

11.      Defendant John F. Hartner is has been Chief Executive Officer of the Company since

May 2019 and a director of the Company since May 2020.

12.      Defendant S. Kent Rockwell is and has been a director of the Company and Chairman

of the Board since 2013.  Defendant Rockwell served as CEO of ExOne from 2013 to 2016, Executive

Chairman from 2016 to 2018, and CEO from 2018 to 2019.  Defendant Rockwell is ExOne's largest

stockholder, owning 19.4% of the Company's shares.

13.      Defendant Paul A. Camuti is and has been a director of the Company since May 12,

2021.

14.      Defendant John Irvin is and has been a director of the Company since 2013.  Defendant

Irvin previously served as Chief Financial Officer of ExOne from 2012 to 2013, and as Special

Advisor to the Chairman from 2014 to 2015.

15.     Defendant Gregory F. Pashke is and has been a director of the Company since 2016.

16.     Defendant William F. Strome is and has been a director of the Company since 2015.

17.     Defendant Roger W. Thiltgen is and has been a director of the Company since 2018.

18.     Defendant Bonnie K. Wachtel is and has been a director of the Company since 2013.

19.     Defendants identified in paragraphs 11-18 are referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

### The Proposed Transaction

20.     On August 12, 2021, ExOne and Desktop Metal jointly announced in relevant part:

BOSTON, MA and NORTH HUNTINGDON, PA – Desktop Metal, Inc. (NYSE: DM) ("Desktop Metal") and The ExOne Company (NASDAQ: XONE) ("ExOne") announced today they have entered into a definitive agreement pursuant to which Desktop Metal will acquire all of the issued and outstanding shares of ExOne common stock. Under the terms of the agreement, ExOne shareholders will receive $8.50 in cash and $17.00 in shares of Desktop Metal common stock for each share of ExOne common stock, for a total consideration of $25.50 per share, representing a transaction value of $575 million, subject to a collar mechanism as described below and implying a 47.6% premium to the closing price of ExOne's common stock on August 11, 2021 and a 43.9% premium based on the 30-day average closing price of ExOne common stock. The transaction value also implies an acquisition multiple of 6.4x 2021 consensus revenue estimates for ExOne.

"We are thrilled to bring ExOne into the DM family to create the leading additive manufacturing portfolio for mass production," said Ric Fulop, Founder and CEO of Desktop Metal. "We believe this acquisition will provide customers with more choice as we leverage our complementary technologies and go-to-market efforts to drive continued growth. This transaction is a big step in delivering on our vision of accelerating the adoption of additive manufacturing 2.0."

"We are excited to join forces with Desktop Metal to deliver a more sustainable future through our shared vision of additive manufacturing at high production volumes," said John Hartner, CEO of ExOne. "We believe our complementary platforms will better serve customers, accelerate adoption of green technologies, and drive increased shareholder value. Most importantly, our technologies will help drive important innovations at meaningful production volumes that can improve the world."

More and more businesses turning to additive manufacturing expect solutions that address all of their requirements across speed, cost, resolution, and part size. The acquisition of ExOne extends Desktop Metal's product platforms with complementary

solutions to create a comprehensive portfolio combining throughput, flexibility, and materials breadth while allowing customers to optimize production based on their specific application needs.  By combining ExOne's direct sales force with Desktop Metal's global distribution network of over 200 channel partners, the combined company will enable broader access to additive manufacturing solutions for businesses of all sizes while delivering increased materials innovation to provide customers with more choice and drive new application discovery.

"Today is a game-changing moment for the additive manufacturing community," said Kent Rockwell, Chairman of ExOne.  "I see incredible opportunity for our customers in working with Desktop Metal and look forward to supporting this new and combined business."

**Transaction Details:**

Under the terms of the agreement, at closing, ExOne stockholders will receive total consideration of $575 million, consisting of $192 million in cash consideration and $383 million in share consideration of Desktop Metal common stock, subject to a collar mechanism on the share consideration component described below.

The share consideration component is subject to an exchange ratio adjustment if Desktop Metal's 20-day volume weighted average price (VWAP) 3 days prior to closing is between $7.94 and $9.70.  If the 20-day VWAP exceeds the higher end of that range, the exchange ratio will be fixed at 1.7522 per share, and if the 20-day VWAP goes below the lower end of that range, the exchange ratio will be fixed at 2.1416 per share.  The final number of Desktop Metal shares estimated to be issued on a fully diluted basis will range between approximately 39.5 million and 48.3 million shares at closing.  Upon closing of the transaction, current Desktop Metal shareholders will own between 85 and 88% and current ExOne shareholders are expected to own between 12 and 15% of the combined company, respectively.

Kent Rockwell, ExOne's Chairman of the Board of Directors and largest shareholder has entered into a Support Agreement in which he will vote his 4.2 million shares in favor of the transaction.

The transaction, which has been unanimously approved by the Board of Directors of ExOne, is expected to close in the fourth quarter of 2021, subject to the approval of ExOne shareholders and satisfaction of customary closing conditions, including applicable regulatory approvals.

## The Proxy Statement Contains Material Misstatements or Omissions

21.     The defendants filed a materially incomplete and misleading Proxy Statement with the

SEC and disseminated it to ExOne's stockholders.  The Proxy Statement misrepresents or omits

material information necessary for the Company's stockholders to make an informed voting or

appraisal decision on the Proposed Transaction.

22.     Specifically, as set forth below, the Proxy Statement fails to provide Company stockholders with material information or provides them with materially misleading information concerning: (a) ExOne's financial projections; and (b) the valuation analyses underlying the fairness opinion provided Stifel Nicolaus & Company, Incorporated ("Stifel"), financial advisor to the Company.

***Material Omissions Concerning the Company's and Desktop Metal's Financial Projections***

23.     The Proxy Statement omits material information regarding the Company's financial projections, including the Unlevered Free Cash Flow projections utilized by Stifel in connection with its *Discounted Cash Flow* Analysis for ExOne, as well as the line items underlying management's projections for Adjusted EBITDA.

24.     The Proxy Statement similarly fails to disclose the Unlevered Free Cash Flow projections utilized by Stifel in connection with its *Discounted Cash Flow* Analysis for Desktop Metal, as well as the line items underlying the Adjusted EBITDA projections for Desktop Metal.

25.     The omission of this information renders the statements in the "ExOne Financial Analysis," "Desktop Metal Financial Analysis," "Prospective Financial Information of ExOne," and "Prospective Financial Information of Desktop Metal" sections of the Proxy Statement false and/or materially misleading in violation of the Exchange Act.

***Material Omissions Concerning the Financial Analyses Relied on by the Board***

26.     The Proxy Statement omits material information regarding the data and inputs underlying the valuation analyses performed by Stifel.

27.     The Proxy Statement describes the Stifel's fairness opinions and the various underlying valuation analyses.  That description, however, omits key inputs and assumptions forming the bases of these analyses.  The absence of this material information precludes the Company's public

stockholders from fully understanding the Stifel's work.  As a result, ExOne stockholders cannot assess what significance to place on the Stifel's fairness opinion in determining whether to approve the Proposed Transaction or otherwise act.

28.     With respect to Stifel's *Discounted Cash Flow Analysis* of ExOne the Proxy Statement fails to disclose: (a) the unlevered free cash flows utilized by Stifel in connection with the analysis; (b) the terminal values utilized by Stifel in connection with the analysis; (c) the inputs and assumptions underlying the range of discount rates utilized in connection with the analysis; and (d) the Company's weighted average cost of capital.

29.     With respect to Stifel's *Discounted Cash Flow Analysis* of Desktop Metal, the Proxy Statement fails to disclose: (a) the unlevered free cash flows utilized by Stifel in connection with the analysis; (b) the terminal values utilized by Stifel in connection with the analysis; (c) the inputs and assumptions underlying the range of discount rates utilized in connection with the analysis; and (d) Desktop Metal's weighted average cost of capital.

30.     With respect to Stifel's *Pro Forma Combined Company Discounted Cash Flow Analysis*, the Proxy Statement fails to disclose: (a) the unlevered free cash flows utilized by Stifel in connection with the analysis; (b) the terminal values utilized by Stifel in connection with the analysis; (c) the inputs and assumptions underlying the range of discount rates and exit multiples utilized in connection with the analysis; (d) the *pro forma* combined net debt; (e) the *pro forma* fully diluted share count of the combined company; and (f) the weighted average cost of capital of the combined company.

31.     The absence of this information precludes Company from properly assessing the work performed by Stifel, and making an independent determination regarding valuation.  This information is necessary to ensure stockholders can fully evaluate the extent to which Stifel's opinion and analyses should factor into their decision whether to vote in favor of or against the Stock Issuance.

32.     The omission of this information renders the statements in the "ExOne Financial Analysis," "Desktop Metal Financial Analysis," "Relative Financial Valuation Analysis," "Prospective Financial Information of ExOne," and "Prospective Financial Information of Desktop Metal" sections of the Proxy Statement false and/or materially misleading in violation of the Exchange Act.

33.     The Individual Defendants were aware of their duty to disclose the above-referenced omitted information and acted negligently (if not deliberately) in failing to include this information in the Proxy Statement.   Absent disclosure of the foregoing material information prior to the stockholder vote on the Proposed Transaction, Plaintiff and the other ExOne stockholders will be unable to make an informed voting or appraisal decision on the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Claims Against All Defendants for Violations of Section 14(a) of the
Exchange Act and Rule 14a-9 Promulgated Thereunder**

34.     Plaintiff repeats all previous allegations as if set forth in full.

35.     During the relevant period, defendants disseminated the false and misleading Proxy Statement specified above, which failed to disclose material facts necessary to make the statements, in light of the circumstances under which they were made, not misleading in violation of Section 14(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder.

36.     By virtue of their positions within the Company, the defendants were aware of this information and of their duty to disclose this information in the Proxy Statement.   The Proxy Statement was prepared, reviewed, and/or disseminated by the defendants.   It misrepresented and/or omitted material facts, including material information about the Company's financial projections and the data and inputs underlying the financial valuation analyses that support the fairness opinion

provided by Stifel.   The defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

37.     The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder would consider them important in deciding how to vote on the Proposed Transaction.

38.     By reason of the foregoing, the defendants have violated Section 14(a) of the Exchange Act and SEC Rule 14a-9(a) promulgated thereunder.

39.     Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm, rendering money damages inadequate.   Therefore, injunctive relief is appropriate to ensure defendants' misconduct is corrected.

## COUNT II

### Claims Against the Individual Defendants for Violations of
### Section 20(a) of the Exchange Act

40.     Plaintiff repeats all previous allegations as if set forth in full.

41.     The Individual Defendants acted as controlling persons of ExOne within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers and/or directors of ExOne, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

42.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

43.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.  The Proxy Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction.  They were, thus, directly involved in the making of the Proxy Statement.

44.     In addition, as the Proxy Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction.  The Proxy Statement purports to describe the various issues and information that they reviewed and considered—descriptions the Company directors had input into.

45.     By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

46.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and SEC Rule 14a-9, promulgated thereunder, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of defendants' conduct, ExOne' stockholders will be irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of ExOne, and against defendants, as follows:

A.     Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material

information identified above to ExOne stockholders;

        B.     In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

        C.     Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as SEC Rule 14a-9 promulgated thereunder;

        D.     Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

        E.     Granting such other and further relief as this Court may deem just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated:  October 20, 2021        **LONG LAW, LLC**

        By  */s/ Brian D. Long*
          Brian D. Long (#4347)
          3828 Kennett Pike, Suite 208
          Wilmington, DE 19807
          Telephone: (302) 729-9100
          Email: BDLong@longlawde.com

          *Attorneys for Plaintiff*